## RICHARDS v. OGDEN STEAM LAUNDRY.

No. 1837. Decided July 18, 1907 (91 Pac. 267).

1. MASTER AND SERVANT—ACTION FOR INJURIES—EVIDENCE—SUFFICIENCY—NEGLIGENCE OF MASTER. Evidence, in an action by an employee whose hand was drawn into a mangle used in a laundry and injured, *held* insufficient to establish the employer's negligence, in that it failed to warn the employee of the condition of the machinery, to instruct her as to the manner and method of covering the mangle, and notify her of the dangers connected therewith.

2. SAME—ASSUMPTION OF RISK. Evidence, in an action by an employee whose hand was drawn into a mangle used in a laundry and injured, *held* to show that the employee's injuries were due to dangers the risks of which were assumed by her.

APPEAL from District Court, Second District; before Justice J. A. Howell.

Action by Mabel Richards, by her guardian *ad litem*, against the Ogden Steam Laundry. From a judgment for plaintiff, defendant appeals.

REVERSED AND REMANDED FOR A NEW TRIAL.

*C. S. Varian* for appellant.

*J. D. Skeen* and *C. C. Richards* for respondent.

STRAUP, J.

This is an action brought to recover damages for personal injury. The defendant was engaged in the laundry business. The plaintiff, seventeen years of age, was in its employ. It was alleged in the complaint that it was her duty to feed a mangle and to cover it when it became soiled; that a certain lever which controlled the mangle became loose, worn, and out of repair. and the jar of the machinery and the weight of the lever started the mangle in motion without warning; that the defendant neglected to warn her of the condition of the machinery; that covering the mangle required skill not possessed by plaintiff, and because of her lack of knowledge and experience she was not capable of performing such work safely, all of which was known to the defendant, nevertheless, it imposed such duty upon her, without instructing her as to the method of performing the work or warning her of the dangers connected therewith; and while she was covering the mangle "the lever without notice slipped into gear, and plaintiff's right hand was suddenly drawn into the mangle," scalding, burning, and mashing her fingers. The defendant in its answer admitted that plaintiff's duty consisted of feeding and operating the mangle, but denied that her employment required her to cover the mangle, or that any such duty was imposed upon her, or exacted of her; and alleged that the defendant had been informed that such work was the duty of the foreman; that she was not to attempt it herself, but to notify the foreman when the mangle needed covering; that the

plaintiff, in violation of such instructions, attempted to cover the mangle with the assistance of a co-employee, and while doing so the machinery, at the direction of plaintiff, was put in motion by the co-employee, and, after it started, plaintiff's fingers caught in the covering and were drawn into the mangle. Defendant denied all acts of negligence charged against it, and further pleaded contributory negligence and assumption of risk on the part of the plaintiff. A trial before the court and jury resulted in a verdict in plaintiff's favor. The defendant, on appeal, urges that the court below erred: (1) in refusing its request to direct a verdict; (2) in giving certain instructions; (3) in overruling defendant's motion for a new trial based on insufficiency of evidence, and that the verdict was contrary to law; and (4) in excluding certain testimony.

We think the court erred with respect to the rulings presented by assignments 1 and 3. The other assignments we need not notice. It is not alleged in the complaint that the defendant was guilty of negligence in suffering and permitting the lever to become and remain loose and out of repair, nor that it was guilty of negligence which caused the machinery to be started of its own motion. The alleged acts of negligence consisted in the defendant's failure to warn the plaintiff of the condition of the machinery, to instruct her as to the manner and method of covering the mangle, and to notify her of the dangers connected therewith. For eight months prior to her injury the plaintiff was in the defendant's service engaged in feeding the mangle. Though but seventeen years of age, yet she was an experienced and skillful feeder. The starting of the machinery of its own motion without warning, claimed to be due to the loose condition of the lever, was something which occurred, as testified to by plaintiff herself, almost every day during the period of her employment. She further testified, which necessarily must be known to every one, that if her fingers were brought too near the cylinder and steam chest they were liable to be caught and injured. While it may be said that the evidence does not show whether the plaintiff did or did not know that the lever was loose or worn,

yet the evidence shows that she operated the lever daily by means of which the belts were shifted from one pully to another, and that she knew that such shifting caused the mangle to start or stop. The fact that the mangle, when stopped by means of the lever, would start without warning and without human agency, and that it did so start every day for a period of eight months, was well known to her, as appears from her own testimony, and that the dangers arising therefrom were fully appreciated by her. Though it had been shown that the lever was loose or out of repair, and for that reason the belts were liable to be shifted and the mangle started after it had been stopped, and though the defendant had informed plaintiff of such facts, still she would not have been made aware of any danger not known to her, nor of any condition exposing her to danger not fully appreciated by her. She well knew the essential and ultimate fact that, when the mangle was stopped by means of the lever, it was liable to start at any time, and fully appreciated all the attending dangers arising from such starting. This is not a case where complaint had been made of some defect, and where the master promised to repair, and directed the use or operation of the instrumentality to be continued. Plaintiff here testified that she reported "the condition of the machine" three or four days before the accident to the foreman, but that he "never said anything." Furthermore, the evidence does not show that the lever was loose, or worn, or out of repair. Plaintiff offered no evidence in support of such allegations. Plaintiff testified that she did not know how the machine started; her co-employee, her sister, that neither she nor any other person touched the lever; and another witness, that the mangle had the habit of starting itself by the sudden jerking of the lever. The evidence on behalf of the defendant showed that the machine was in good condition, but that when stopped for fifteen or twenty minutes it would slowly start, due to the shifting of the belts on the pulleys caused by the jar of the building and the shaft, occasioned through the operation of other machinery. But this is far from proving the alleged condition

of the lever, and with respect to which it is alleged the defendant was negligent in not informing the plaintiff.

The evidence is likewise insufficient to show negligence on the part of the defendant in its failure to instruct the plaintiff as to the manner and method of covering the mangle. Covering the mangle means the placing of a padding around the cylinder, and a sheet around the padding. This is done to protect and keep clean the clothes fed through the mangle. The sheet became soiled and required changing about twice a week. Plaintiff testified that her duties were feeding the mangle. It is not made to appear that covering the mangle was any part of her duties, nor that such work was required of her. When asked by her counsel whether the foreman told her whether she or some one else was to do it, the plaintiff answered in the negative. On behalf of the defendant, it was shown that the plaintiff was expressly informed that, when the mangle needed covering she was to notify the foreman or washman. On the day in question the clothes "ran soiled," when the plaintiff, according to her own testimony, notified the washman. He told her that he could not help it, and that he was busy. She then informed the foreman, but, according to her testimony, he paid no attention to her. She then voluntarily, without any direction or request from any one, undertook, with the aid of her sister, a co-employee, to remove the soiled sheet and to place a clean one around the roller. While doing so she was injured. There is also evidence showing that the plaintiff several times assisted the foreman in doing such work. At other times other girls assisted the foreman. Sometimes the plaintiff and her sister did it themselves, as did also other mangle feeders, in the presence of the foreman, who made no objection to their doing it. We think this evidence lacks the required proof that covering the mangle was a part of plaintiff's duties. Furthermore, the evidence does not show that the plaintiff attempted to do the work in an improper or unsafe manner. It does not appear that, if the plaintiff had been instructed, she could have performed the work more skillfully or safely than she did, or that she thereby would have been enabled to avoid dangers not

known to her. So far as is made to appear, she knew the proper manner of performing the work, pursued the usual and ordinary method of doing it, and realized and appreciated all the attending dangers.

Upon the whole case we are clearly of the opinion that the evidence is insufficient to establish the negligence alleged in the complaint and that the evidence conclusively shows that the injury to plaintiff was due to dangers the risks of which were assumed by her.

The judgment of the court below is therefore reversed, and the cause remanded for a new trial. Costs to appellant.

McCARTY, C. J., and FRICK, J., concur.